935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yul CARTER, a/k/a Scamp, Defendant-Appellant.
 No. 90-5089.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 14, 1991.
As Amended July 17, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-90-41-2)
 Leonard Kaplan, Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Phillip B. Scott, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Yul Carter appeals the sentence he received after he was convicted of three counts of arson (18 U.S.C. Sec. 844(i)) and three counts of using a firearm in the commission of a crime of violence (18 U.S.C. Sec. 924(c)). We affirm.
 
 
 2
 During the early morning hours of February 12, 1988, Carter threw a Molotov cocktail--a quart beer bottle filled with gasoline--through the window of an ex-girlfriend's (Adrine Hopkins) apartment. Ms. Hopkins and her current boyfriend were asleep in the apartment at the time but escaped without injury because the Molotov cocktail did not explode, though it filled the apartment with dense smoke. Afterward, Carter told Ms. Hopkins that he had intended to kill them both.
 
 
 3
 Ms. Hopkins subsequently moved away from town to avoid further contact with Carter. However, she returned over a year later to visit her sister and was seen by Carter about 4:00 a.m. at a club on December 16, 1989. After she left, Carter obtained a wine bottle from a bootlegger and said he intended to get some gas to "blow this bitch house up." At 8:00 a.m. that morning, Carter threw a Molotov cocktail into the bedroom of Ms. Hopkins' sister's apartment. It exploded, and Ms. Hopkins and another occupant suffered injuries in escaping from the apartment.
 
 
 4
 Early in the morning of February 11, 1990, Carter called another ex-girlfriend, Sandra Terry, and threatened her. Shortly afterward, he arrived at her apartment complex and threw a Molotov cocktail through a downstairs window onto a couch where she some times slept. The Molotov cocktail exploded, and the fire which followed completely destroyed her apartment and damaged five others. Ms. Terry suffered burns to her hands; she escaped by jumping from a third floor window.
 
 
 5
 On appeal, Carter disputes the district court's determination that his offenses involved more than minimal planning. He contends that he did only the minimum necessary to commit assault with intent to commit murder by means of a Molotov cocktail. However, the district court found that the steps taken by Carter in the commission of each of the three offenses--constructing the Molotov cocktail and planning the attack for a time when his intended victim would probably be asleep, so that prevention of the crime and identification of him as the perpetrator were less likely--constituted more than minimal planning.
 
 
 6
 The determination that an offense involved more than minimum planning is essentially a fact question, and is reviewed under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). We cannot say that the district court's finding in this case is clearly erroneous.
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 8
 AFFIRMED.